DECISION AND JUDGMENT ENTRY
On March 28, 2001, petitioner appeared before the Hancock County Court of Common Pleas for sentencing on one count of theft in violation of R.C. 2913.02(A)(2). Petitioner was under post-release control at the time he committed the offense. For reasons stated on the record, the trial court ordered petitioner to serve a prison term of eleven months. Pursuant to R.C. 2967.28(F) regarding post-release control, the trial court further ordered petitioner to serve a term of twelve months for violating the conditions of his post-release control. Pursuant to R.C. 29297.28(F), the two sentences were ordered to be served consecutively. The trial court ordered petitioner to be credited for one hundred twenty-eight days time served. Petitioner appears to assert that he was sentenced improperly — specifically, that he has been punished more than once for the offense for which he was on post-release control when he committed the instant theft offense.
Ordinarily, habeas corpus is not available where the petitioner has been convicted of a criminal offense and sentenced to imprisonment by a court of competent jurisdiction; if errors or irregularities have occurred in the proceedings or sentence, a direct appeal therefrom is the proper remedy. In re Copley (1972), 29 Ohio St.2d 35.
Accordingly, this court finds that petitioner possesses an adequate remedy by way of direct appeal. Upon consideration whereof, petitioner's application for writ of habeas corpus is denied. This cause is dismissed at petitioner's costs.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.